J-A19023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| C.S. | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | | |
| v. | | |
| B.M. | | |
| Appellant | | No. 2053 WDA 2014 |

Appeal from the Order Entered November 24, 2014
In the Court of Common Pleas of Allegheny  County
Family Court at No(s): FD01-08702-004

BEFORE:  BENDER, P.J.E., JENKINS, J., and MUSMANNO, J.

JUDGMENT ORDER BY JENKINS, J.:         **FILED AUGUST 11, 2015**

B.M. ("Mother") appeals from the November 21, 2014 order entered in the Allegheny County Court of Common Pleas granting C.S. ("Father") primary and legal custody of Daughter and primary physical custody and sole legal custody with regards to making school choices of Son.  We remand for supplementation of the record and further proceedings consistent with this memorandum.

The parties are parents to two children, Daughter and Son.  The parties divorced in 2004.  In April 2013, the trial court granted Father interim physical custody and legal custody of Daughter.  Prior to this time, Mother had primary physical custody of both Daughter and Son.

On November 21, 2014, following a trial, the trial court granted Father primary and legal custody of Daughter and primary physical custody and sole legal custody with regards to making school choices of Son.

Mother filed a timely notice of appeal. Both Mother and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following claims:

> 1. Whether the trial court ignored the best interest of the child and erred by granting [M]other no partial custody of Daughter (except to take her to counseling) which is detrimental to the reunification of Mother with the child;
>
> 2. Whether the trial court erred in basing its decision to transfer primary physical custody of Son from Mother to Father on the child's grades where there was no credible record evidence of the same or, to the extent there was such evidence, in ignoring that the child might simply not be a stellar student and not every child is capable of exemplary academic achievement;
>
> 3. Whether the trial court ignored the best interest of the child and erred by granting custody of Son, to Father given:
>
>> a. The child's strong, unequivocal reasoned preference to be with Mother;
>>
>> b. The child's strained relationship with his step[-]mother and excellent relationship with his step-father;
>>
>> c. The need for stability and continuity, in the child's life [] by taking the child away from his home, school, friends, neighborhood, and activities.

Appellant's Brief at 11.

On July 7, 2015, during oral argument in this Court, it became apparent that the trial court conducted additional proceedings in June, 2015.

- 2 -

At the time of oral argument, Daughter resided with Mother, not Father. The certified record does not contain information regarding the additional proceedings.

As it appears additional proceedings occurred that altered the trial court's prior custody determination, we remand this case to the trial court with directions to supplement the certified record and to conduct additional proceedings as necessary, including a custody hearing and best-interest analysis, for both Daughter and Son, if needed.[1]

Order vacated.  Case remanded.  Jurisdiction retained.

_____

[1] Further, as it appears Father no longer has custody of Daughter, any appeal from the order granting such primary and legal custody of Daughter to Father may be moot.  **In re J.A.**, 107 A.3d 799 (Pa.Super.2015) ("As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.").